Allen Wu
Stephen L. Brodsky
WU & KAO, PLLC
Attorneys for Defendants
Kelvin Sun a/k/a Heping Sun and Jia Liu
747 Third Avenue, 22nd Floor
New York, New York 10017
Telephone: (212) 755-8880
Facsimile: (212) 755-8890

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
HSIN-CHENG CHEN,

               Plaintiff,

        -against-

KELVIN SUN a/k/a HEPING SUN and JIA LIU,

               Defendants.
-------------------------------------------------------------------X

**No. 13 CV0280 (ALC)(KNF)**
ECF Case

**ANSWER TO SECOND**
**AMENDED COMPLAINT**
**WITH COUNTERCLAIMS**

       Defendants Kelvin Sun a/k/a Heping Sun and Jia Liu by their attorneys Wu & Kao,

PLLC answers the Second Amended Complaint of the Plaintiff as follows:

       1.     Defendant Sun and Defendant Liu deny all allegations set forth in paragraphs 3, 4,

5, 6, 7, 8, 9, 14, 24, 26, 27, 28, 29, 30, 32, 33, 34, 35, 38, 39, 40, 43, 44, 45, 46, 48, 49, 50, 51, 52,

54, 56, 58, 59, 60, 61, 62, 63, 64, 65, 66, 67, 68, 69, 70, 71, 72, 73, 74, 75, 76, 77, 78, 79 and 80

of the Second Amended Complaint.

       2.     Defendant Sun and Defendant Liu deny the allegations set forth in paragraph 15

as to the plaintiff being owed "reimbursement" by the defendant, as the joint venture agreement

calls for the parties to invest money in a real estate venture, and said agreement is devoid of any

specific terms calling for "reimbursement" to a specific investor of specific amounts.

       3.     Defendant Sun and Defendant Liu deny the allegations set forth in paragraph 16

and 17 as to the allegation that plaintiff was specifically owed "reimbursement".

       4.     Defendant Sun and Defendant Liu deny the allegations set forth in paragraph 22

as to the terms "appeared through counsel" and "availed himself of all rights and remedies

provided to him under Chinese law" as the concept of appearance and jurisdiction is fundamentally different under Chinese law from what those terms imply under United States law, as are the "rights and remedies under Chinese law" in no manner analogous to the rights and remedies afforded Defendants under United States law.

     5.    Defendant Sun and Defendant Liu deny the allegations set forth at paragraph 25, as to the terms "appeared by attorney" and "authorized Zhang Bo's representation" due to the fundamental difference behind the meaning and effect of these terms under Chinese law versus United States law.

     6.    Defendant Sun and Defendant Liu deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the Second Amended Complaint at paragraphs 1, 2, 10, 11, 12, 13, 18, 19, 20, 21, 23, 31, 36, 37, 41, 42, 47, 53, 55, and 57.

AS AND FOR A FIRST AFFIRMATIVE DEFENSE

     7.    The Judgment by Shanghai First Intermediate People's Court and the Judgment by the People's Court of Changning District, Shanghai does not satisfy the criteria for recognition under The Uniform Foreign Money Judgment Recognition Act, set forth in the New York Civil Practice Law and Rules § 5301 et seq., as the foreign judgment was not obtained in a proceeding before a fair tribunal in which the Defendant Sun was duly served with process.

AS AND FOR A SECOND AFFIRMATIVE DEFENSE

     8.    The Judgment by Shanghai First Intermediate People's Court and the Judgment by the People's Court of Changning District, Shanghai does not satisfy the criteria for recognition under The Uniform Foreign Money Judgment Recognition Act, set forth in the New York Civil Practice Law and Rules § 5301 et seq., as the foreign judgment was not obtained in a proceeding before a fair tribunal in which the Defendant Sun was afforded the due process of law.

AS AND FOR A THIRD AFFIRMATIVE DEFENSE

     9.    The Judgment by Shanghai First Intermediate People's Court and the Judgment by the People's Court of Changning District, Shanghai does not satisfy the criteria for recognition under The Uniform Foreign Money Judgment Recognition Act, set forth in the New York Civil Practice Law and Rules § 5301 et seq., as the foreign judgment was obtained by fraud.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

10.    The Judgment by Shanghai First Intermediate People's Court and the Judgment by the People's Court of Changning District, Shanghai does not satisfy the criteria for recognition under The Uniform Foreign Money Judgment Recognition Act, set forth in the New York Civil Practice Law and Rules § 5301 et seq., as the foreign judgment and the enforcement thereof sought by the Plaintiff are repugnant to the public policy of this state.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

11.    The litigations commenced by the Plaintiff were commenced beyond the statute of limitations for the commencement of such an action in China.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

12.    The alleged debt claimed by the Plaintiff and the allegation that Defendant Sun is personally liable for said debt fails to meet the requirements of a writing under the Statute of Frauds.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

13.    Proper and effective service was not effected upon defendant Jia Liu.

14.    Defendants reserve their rights to raise such further and additional defenses as may be available upon the facts to be developed in discovery and under applicable substantive law.

## AS AND FOR A  FIRST COUNTERCLAIM

Defendants repeat, reiterate and reallege each and every response and allegation set forth in paragraphs 1 through 14 of this Answer to the Second Amended Complaint and Counterclaims as if set forth more fully herein.

15.    The action brought by Plaintiff against Defendant Sun, a citizen of the United States of America, and Defendant Liu is malicious and oppressive.  Said action serves no purpose but to unduly harass and burden the Defendant, and is an abuse of the United States judicial system and constitutes "forum shopping" by the Plaintiff.

16.     Plaintiff filed suit against Defendant Sun, a U.S. citizen, in the courts in China, and now seeks to collect from an improperly obtained judgment by seeking to attach properties owned by the Defendants in the United States.

17.     Plaintiff has intentionally failed to inform this Court that he has ample means and opportunity to enforce his judgment against substantial properties owned by the Defendants in China, but has failed to do so due to political considerations and the corruption inherent in the Chinese legal system.

18.     In failing to seek such enforcement in the jurisdiction in which it was obtained, and by now seeking enforcement in the United States, the Plaintiff has demonstrated that the United States courts are a convenient forum for this litigation, and he has tacitly acknowledged the inability and unreliability of the Chinese courts to bring this matter to a conclusion.

19.     Plaintiff's strategy has been cleverly thought out and executed, as he has obtained a judgment against the Defendant on a Joint Venture Agreement apparently without the review of any of the financial documents from the project that would indicate whether or not the joint venturers sustained a profit or loss from which their respective investments would be repaid.

20.     Due to the failings of the civil judicial system in China, the courts in China have made the Defendant a guarantor of the Plaintiff's investment, without there being any writing sufficient to satisfy the requirements of the Statute of Frauds to have Defendant Sun personally become a guarantor of an amount in a sum certain allegedly owed to the Plaintiff.

21.     Plaintiff's goal is obvious: obtain a judgment without the protections afforded litigants by the U.S. legal system to have full discovery of the facts of the matter, to have the parties testify and be cross-examined, and to introduce expert testimony that supports or disproves one's claims.

22.     Plaintiff then presents his judgment to the United States court in the hope that there will be no examination of the underlying transaction or the validity of the judgment.

23.     Plaintiff would argue that a U.S. citizen be deprived of substantial property rights for property held in the United States based on a suspect adjudication of a foreign court whose impartiality has been repeatedly called in to question by the United States State Department and the Department of Labor.

24.     It would be a substantial injustice to the Defendants, and have a chilling effect on further investments by U.S. citizens seeking to do business in China if the Plaintiff is able to establish a precedent that Plaintiff can use a forum that is acknowledged to be highly susceptible

4

to corruption and political pressure to obtain judgments which they could seek to satisfy from the investor's United States assets.

25.     To do so would deprive the Defendant of the essential protections of fairness, *stare decisis*, and judicial review which are the hallmark of the United States judicial system.

26.     As a result of Plaintiff filing this action, Defendants have suffered damages, including, but not limited to, the attorney's fees incurred to defend this action.

27.     Defendants are entitled to recover damages, attorney's fees and/or expenses from Plaintiff incurred as a result of the successful defense of the instant action in an amount to be determined at trial, but not less than $50,000.00.

**WHEREFORE**, defendant Kelvin Sun a/k/a Heping Sun and defendant Jia Liu demand judgment dismissing the amended complaint with respect to defendant Kelvin Sun a/k/a Heping Sun and defendant Jia Liu, along with the principal amount, litigation costs, interest, attorney's fees and disbursements of this action, and such other and further relief.

Date:   New York, New York
        June 24, 2014

Allen Wu (AW7466)
Stephen L. Brodsky (SB4354)
WU & KAO, PLLC
*Attorneys for Defendants*
*Kelvin Sun a/k/a Heping Sun and Jia Liu*
747 Third Avenue, 22nd Floor
New York, New York 10017
Tel: (212)755-8880
Fax: (212)755-8890
E-mail: allenwu@wuandkao.com
E-mail: stephen.brodsky@wuandkao.com

To:     William Wang, Esq.
        LEE ANAV CHUNG WHITE & KIM LLP
        *Attorneys for Plaintiff*
        *Hsin-Cheng Chen*
        156 Fifth Avenue, Suite 303
        New York, New York 10010
        Tel: (212) 271-0664
        Fax: (212) 271-0665
        E-mail: williamwang@leeanavchung.com

        Xiyan Zhang
        Kao Lu (admitted *pro hac vice)*
        RYDER, LU, MAZZEO, & KONIECZNY LLC
        *Attorneys for Plaintiff*
        *Hsin-Cheng Chen*
        1425 E. Darby Road
        Havertown, PA 19083