# WU & KAO, PLLC
## ATTORNEYS AT LAW

CHINA HEADQUARTERS:
TIANJIN CENTER
NO. 219 NANJING ROAD, 22ND FL.
HEPING DISTRICT, TIANJIN 300051
TEL: (86) 22-2317-0055
FAX: (86) 22-2317-0057

747 THIRD AVENUE
22ND FLOOR
NEW YORK, NEW YORK 10017

(212) 755-8880

FACSIMILE
(212) 755-8890
www.wuandkao.com

October 21, 2014

United States District Court
Southern District of New York
40 Foley Square, Room 435
New York, New York 10007

Attn:   Hon. Andrew L. Carter, Jr.

           Re:   Hsin-Cheng Chen v. Kelvin Sun et al.
                  Case No. 13-CV-0280

Dear Judge Carter:

      We represent the Defendants Kelvin Sun a/k/a Hepin Sun and Jia Liu ("Defendants) in the above referenced action. We write to request a pre-motion conference to file a motion pursuant to Fed. R. Civ. Pro. 12(h)(3) and 56 to dismiss the Second Amended Complaint. This is an action to enforce a Chinese judgment in a New York court. As this Court already recognized in denying Plaintiff's motion for attachment, the Chinese judgment should not be recognized.

      Defendants first intend to move pursuant to Rule 12(h)(3) for lack of subject matter jurisdiction on the grounds that complete diversity of citizenship is lacking. "For purposes of diversity jurisdiction, a natural person's citizenship is determined by domicile." *Nat'l Artists Management Co., Inc. v. Weaving,* 769 F.Supp. 1224, 1227 (S.D.N.Y.1991). One's domicile is one's " 'home' or permanent base of operations. '[H]ome is the place where a person dwells and which is the center of his domestic, social and civil life.' " *Id.* (quoting Restatement (Second) of Conflicts § 12 (1971)). As Kelvin Sun will state in his affidavit in support, Mr. Sun is domiciled in China, not New York. As plaintiff Chen is domiciled in Tawain, complete diversity is lacking.

      Defendants also intend to move pursuant to Rule 56 for summary judgment on the grounds that the claims in the Second Amended Complaint fail. First, the first claim for relief against for recognition of a Chinese foreign judgment against defendant Sun fails because an exception in New York's Article 53 provides for *mandatory non-recognition* of a foreign judgment when the foreign judicial system is flawed, as in China's system. *See* CPLR § 5304(a)(1). Thus, this Court, pursuant to CPLR § 5304(a)(1), should **not** recognize the foreign money judgment against Mr. Chen from China.

The second claim for relief against defendant Sun and first claim for relief against defendant Liu for avoidance of fraudulent conveyances per New York Debtor & Creditor Laws should be dismissed for the straightforward reason that they are post-judgment claims, when no judgment has been recognized by this Court. For this reason, they are without basis and premature.

The third claim for relief against Defendant Sun for breach of contract should be dismissed on the grounds that this Court lacks subject matter over the purported contract at issue. The purported contract, annexed to the Second Amended Complaint as Exhibit A was entered into in China, by Chinese parties, and concerns business in China. Indeed, the alleged contract states "All the activities thereof [of the "joint venture"] should comply with related laws, regulations and rules of the PRC [People's Republic of China]. As such, the contract purportedly at issue has nothing to do with New York or the United States. Plaintiff has simply engaged in forum shopping, which should not be countenanced by this Court.

Finally, the fourth claim for relief against defendant Sun should be dismissed for failure to comply with Fed. R. Civ. Pro. 9(b)'s particularity requirements. Federal Rule of Civil Procedure 9(b) imposes a heightened standard of pleading for allegations of fraud, requiring such claims to be "stated with particularity." Fed.R.Civ.P. 9(b).

For the above reasons, Defendants respectfully request that they be permitted to file the requested motion at issue.

Respectfully submitted,

WU & KAO, PLLC

By: /s/ Stephen L. Brodsky
Stephen L. Brodsky
*Attorneys for Defendants*
Kelvin Sun a/k/a Heping Sun and Jia Liu
747 Third Avenue, 22nd Floor
New York, New York 10017
Tel: (212)755-8880
Fax: (212)755-8890
E-mail: stephen.brodsky@wuandkao.com

cc:  Kao H Lu (Pro hac vice)
Ryder, Lu, Mazzeo & Honieczny LLC
1425 E. Darby Road
Havertown, PA 19803
610-446-5886
Fax: 610-446-8841
Email: klu@ryderlu.com
*Attorneys for Plaintiff*