MEMO ENDORSED

# WU & KAO, PLLC
## ATTORNEYS AT LAW

CHINA HEADQUARTERS:
TIANJIN CENTER
NO. 219 NANJING ROAD, 22ND FL.
HEPING DISTRICT, TIANJIN 300051
TEL: (86) 22-2317-0055
FAX: (86) 22-2317-0057

747 THIRD AVENUE
22ND FLOOR
NEW YORK, NEW YORK 10017

(212) 755-8880

FACSIMILE
(212) 755-8890
www.wuandkao.com

October 29, 2014

Via Facsimile (212) 805-6712

United States District Court
Southern District of New York
Thurgood Marshall
United States Courthouse
40 Foley Square
New York, NY 10007

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 10/29/14

RECEIVED
OCT 29 2014
CHAMBERS OF
KEVIN NATHANIEL FOX
U.S. MAGISTRATE JUDGE

Attn:  Hon. Magistrate Judge Kevin Nathaniel Fox

Re:  Hsin-Cheng Chen v. Kelvin Sun et al.
      Case No. 13-CV-0280

Dear Magistrate Judge Fox:

We represent Defendants Kelvin Sun a/k/a Hepin Sun and Jia Liu (together, "Defendants") in the above referenced action. We write to request an extension of time for the close of discovery, the date of the settlement conference, and the date to file a Joint Pre-Trial Order with the Court based upon the present posture of the this case, which is discussed below. Presently, the parties have submitted Pre-Motion Conference letters to Hon. Judge Carter with regard to Defendants' dispositive motion to dismiss the complaint. Defendants respectfully request, for the sake of judicial efficiency and economy, that the close of discovery, the date for a settlement conference, and the date to submit the Joint Pre-Trial Order be extended to enable Judge Carter to rule on Defendants' motion to dismiss.

Presently, the original date for the close of discovery is November 17, 2014. The original date for a settlement conference is November 25, 2014. The original date for the submission of the Joint Pre-Trial Order is on or before December 16, 2014. Defendants respectfully request that the close of discovery be extended to April 17, 2005, the date for a settlement conference be extended to April 30, 2015, and the date to file the Joint Pre-Trial Order be extended to May 15, 2005. This is the first request for an extension by Defendants.

Plaintiff does not consent to any extension of any dates (regardless of length) on the grounds that it does not desire to delay the action.

10/29/14
Application denied.
SO ORDERED:
Kevin Nathaniel Fox
KEVIN NATHANIEL FOX, U.S.M.J.

1

*Plaintiff's Action*

This is an action to enforce a Chinese judgment in a New York court. In having already denied plaintiff's prior motion for attachment, Judge Carter has already recognized that the Chinese judgment which plaintiff has put forward should not be recognized by the New York court. Moreover, given that a purported judgment has already been rendered in China (the validity of which Defendants' vigorously dispute due a lack of impartiality), there is no reason for any discovery to proceed in this action.

*Defendants' Motion to Dismiss*

Defendants first intend to move pursuant to Rule 12(h)(3) for lack of subject matter jurisdiction on the grounds that complete diversity of citizenship is lacking. "For purposes of diversity jurisdiction, a natural person's citizenship is determined by domicile." *Nat'l Artists Management Co., Inc. v. Weaving,* 769 F.Supp. 1224, 1227 (S.D.N.Y.1991). One's domicile is one's " 'home' or permanent base of operations. '[H]ome is the place where a person dwells and which is the center of his domestic, social and civil life.' " *Id.* (quoting Restatement (Second) of Conflicts § 12 (1971)). As defendant Sun will state in his affidavit in support, Mr. Sun is domiciled in China, not New York. As plaintiff Chen is domiciled in Taiwan, complete diversity is lacking.

Defendants also intend to move pursuant to Rule 56 for summary judgment on the grounds that the claims in the Second Amended Complaint fail for the following reasons. First, the initial claim for relief seeking recognition of a Chinese foreign judgment against defendant Sun fails because an exception in New York's Article 53 provides for *mandatory non-recognition* of a foreign judgment when the foreign judicial system is flawed. *See* CPLR § 5304(a)(1). In the present matter, the flagrant deficiencies of the Chinese judicial system are widely acknowledged, in terms of procedural short-comings, substantive misapplication of law and lack of impartiality. Thus, this Court, pursuant to CPLR § 5304(a)(1), should *not* recognize the foreign money judgment against Mr. Chen in China.

The second claim for relief against defendant Sun and first claim for relief against defendant Liu seeking avoidance of fraudulent conveyances pursuant to New York Debtor & Creditor Laws should be dismissed for the straightforward reason that they are post-judgment claims. In the present case, no judgment has been recognized by this Court. For this reason, they are without basis and premature.

The third claim for relief against Defendant Sun for breach of contract should be dismissed on the grounds that this Court lacks subject matter over the purported contract at issue. The purported contract, annexed to the Second Amended Complaint as Exhibit A was entered into in China, by Chinese parties, and concerns business in China. Indeed, the alleged contract states "All the activities thereof [of the "joint venture"] should comply with related laws, regulations and rules of the PRC [People's Republic of China]. As such, the contract

2

purportedly at issue has nothing to do with New York or the United States. Plaintiff has simply engaged in forum shopping, which should not be countenanced by this Court.

Finally, the fourth claim for relief against defendant Sun should be dismissed for failure to comply with Fed. R. Civ. Pro. 9(b)'s particularity requirements. Federal Rule of Civil Procedure 9(b) imposes a heightened standard of pleading for allegations of fraud, requiring such claims to be "stated with particularity." Fed.R.Civ.P. 9(b).

*Proposed Revised Dates in Scheduling Order*

**Date for Close of Discovery: April 17, 2015**

**Date for Settlement Conference: April 30, 2015**

**Date for submission of Joint Pre-Trial Order: May 15, 2015**

For the foregoing reasons, Defendants respectfully request that their request for an extension to the close of discovery, the date for a settlement conference, and the date for submission of the Joint Pre-Trial Order be granted.

Respectfully submitted,

WU & KAO, PLLC

By: _____
Stephen L. Brodsky
*Attorneys for Defendants*
Kelvin Sun a/k/a Heping Sun and Jia Liu
747 Third Avenue, 22nd Floor
New York, New York 10017
Tel: (212)755-8880
Fax: (212)755-8890
E-mail: stephen.brodsky@wuandkao.com

cc: Kao H. Lu (Pro hac vice)
Ryder, Lu, Mazzeo & Honieczny LLC
*Attorneys for Plaintiff*
1425 E. Darby Road
Havertown, PA 19803
Tel. 610-446-5886
Fax: 610-446-8841
Email: klu@ryderlu.com