Kao H. Lu
Ryder, Lu, Mazzeo & Konieczny LLC
1425 E. Darby Road
Havertown, PA  19083
*Attorney for Plaintiff*
*Hsin-Cheng Chen*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| HSIN-CHENG CHEN<br><br>*Plaintiff,*<br><br>v.<br><br>KELVIN SUN aka HEPING SUN and<br>JIA LIU<br><br>*Defendants* | Civil Action No. 1:13-CV-0280 (ALC)(KNF) |

### **PLAINTIFF HSIN-CHENG CHEN'S BRIEF IN SUPPORT OF MOTION TO COMPEL RESPONSES TO PLAINTIFF'S DISCOVERY REQUESTS**

Plaintiff Hsin-Cheng Chen ("Plaintiff" or "Chen") submits this brief in support of his motion to compel discovery against Defendants Kelvin Sun aka Helping Sun and Jia Liu ("Defendants", "Sun" or "Liu").  Plaintiff has narrowed this motion to information and documents central to Plaintiff's claims.  This Court should order defendants to provide:  (1) immediate production of documents, (2) substantive, factual answers to the interrogatories, and (3) appearance at deposition by defendants.  Pursuant to the Order dated May 20, 2014, all discovery shall be completed by **November 17, 2014.**

Counsel for Plaintiff hereby certifies that it has conferred in good faith to try to resolve these issues with opposing counsel prior to seeking court intervention.  Pursuant to telephone conference held with the Honorable Kevin Fox on Friday, November 7, 2014, Plaintiff hereby files this motion to compel.

**Background.**  This litigation results from the Defendants' continued and persistent failure to repay a long overdue loan.  This is an action under the Uniform Foreign Money-Judgments Recognition Act, New York CPLR §§ 5301 et seq., for recognition and enforcement of a final money judgment entered in China in favor of Plaintiff and against Defendant Sun in the amount of RMB 4,555,900, plus RMB 2,627,000 in interest and costs.  Defendant Sun has evaded payment of this debt in China, and now continues to try to evade this judgment in the United States.  In his Second Amended Complaint, Plaintiff asserts causes of action to enforce the Chinese Judgment under the Uniform Foreign Money-Judgments Recognition Act, Avoidance of Fraudulent Conveyances under New York Debtor and Creditor Law, Breach of Contract and Fraud. (Docket # 36).

Defendant Sun borrowed money from Plaintiff, Mr. Chen, to invest in the Shanghai realty project.   Defendant Sun refused to pay back the loan to Mr. Chen.  Therefore, due to non-payment Mr. Chen filed an action against Sun in the Shanghai Court.  The Shanghai court determined it was a loan not an investment.  Sun appealed and lost.  When the court wanted to enforce the judgment, Sun disappeared and they found Sun had few hundred dollars left in his bank account and his properties were transferred to a third party, his secretary. Defendant Sun is a United States citizen.  Sun, using his United States passport, left China and came to New York.  In New York, he paid $3 million dollars cash for a luxury New York apartment.

Defendant Sun owned at least two properties in the United States, one house in California and one apartment in New York.  Both properties were initially under Defendant Sun's name. Defendant Sun owns the California house since 2007.  Defendant Sun bought the New York apartment in year 2010.  On or about March 18, 2013, shortly after this lawsuit was filed,

Defendant Sun listed his California property for sale. It was sold on or about on May 3, 2013. Proceeds from this sale were not sent to Plaintiff Chen to satisfy the outstanding debt. On or about February 12, 2013, Defendant Sun transferred interest in the New York apartment to his wife, Jia Liu, for no consideration. Plaintiff alleges this to be a fraudulent transfer.

Upon information and belief, Defendant Sun unlawfully used approximately $1.1 million of Plaintiff's money to pay cash for a $3 million apartment in New York. Ms. Liu is certainly relevant to this case, as whether or not she contributed to payment for the apartment is relevant. Discovery of Mr. Sun and Ms. Liu's financial information, including tax returns, are critical to support Plaintiff's legal claims of, *inter alia*, fraudulent conveyance, fraud and breach of contract.

**Plaintiff's Discovery Requests.** Plaintiff's served First Set of Interrogatories, First Request for Production of Documents, and First Set of Requests for Admission on October 3, 2014. During the October 16, 2014, teleconference call Judge Fox rejected Defendants' objections and instructed Plaintiff to limit his Interrogatories to 25 per party, which Plaintiff did.

Plaintiff also served Notices of Deposition on October 16, 2014 by electronic mail and first class mail. See Exhibit A. Defendant Ms. Jia Liu was scheduled to be deposed November 10, 2014. Defendant Mr. Kelvin Sun was scheduled to be deposed November 11, 2014. (Plaintiff also served Second Request for Production of Documents and Second Set of Requests for Admission on October 16, 2014).

On October 29, 2014, this Court denied Defendants' request for an extension of the discovery deadline. (Docket #42)

"[T]he scope of discovery under Fed. R. Civ. P. 26(b) is very broad, encompass[ing] any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue

3

that is or may be in the case.'" Maresco v. Evans Chemetics, Div. of W. R. Grace & Co., 964 F.2d 106, 114 (2d Cir. 1992) (quoting Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351, (1978)). In this case, Interrogatories No. 8, 9, 11 and 13 seek relevant information regarding Defendant Sun's sources of income, employment, and organization or companies in which Sun holds an interest. This discovery pertains to Plaintiff's allegations that Defendants are fraudulently disposing of property to avoid payment of his debts. This discovery also pertains to Plaintiff's allegations that Defendant Sun fraudulently induced Chen to give Sun RMB 7,300,00 with the intent to defraud. Interrogatories No. 16, 17 and 22 seek relevant information regarding property owned or disposed of by Sun. This discovery also relates to Plaintiff's allegations that Defendants are fraudulently disposing of property to avoid payment of his debts. This discovery also pertains to Plaintiff's allegations that Defendant Sun fraudulently induced Chen to give Sun RMB 7,300,00 with the intent to defraud. Interrogatories No. 23-27 and 29 relate to the Shanghai project and Sun Real Estate. Interrogatories No. 31, 33 and 34 relate to the agreements between Chen and Sun. Interrogatories No. 39-42 relate to the legal proceedings in China. Again, these interrogatories all relate to Plaintiff's allegations that Defendants are fraudulently disposing of property to avoid payment of his debts. This discovery also pertains to Plaintiff's allegations that Defendant Sun fraudulently induced Chen to give Sun significant funds with the intent to defraud. This discovery also relates to Plaintiff's breach of contract claim for Sun's breach of the underlying agreement. Importantly, the requested discovery is also directly relevant to the Affirmative Defenses and Counterclaims asserted by Defendants. Defendant's assert multiple affirmative defenses and a counterclaim alleging the foreign judgment was not obtained in a fair tribunal, yet refuses to provide any details or information when questioned about these proceedings. Further, Defendants allege a counterclaim claiming deprivation of his

United States property, alleging the action is "malicious and oppressive" and that there are no sufficient writings for Sun to personally be a guarantor of the sum owed, but yet fails to answer interrogatories or produce documents on these issues. Plaintiff's document requests likewise seek relevant documents supporting Plaintiff's claims and Defendants' defenses. Plaintiff's discovery requests seek material facts concerning Defendants' activities and asserted defenses related to the foreign money judgment, the breach of contract and allegedly fraudulent transfers. The requested discovery is further relevant to the counterclaim that Defendants have asserted. Substantive, factual answer and responsive documents should be produced.

Defendants cannot have it both ways. Defendants refuse to acknowledge the validity of the Chinese judgment, and refuse to produce discovery when Plaintiff seeks underlying information related to the issues in this matter. Defendants' admit they each have knowledge of the facts concerning issues in this matter. <u>See</u> Defendants' Answer to Interrogatory No. 2. (Exhibits C and D below). Yet, Defendants refuse to provide any of this knowledge of facts about this matter to Plaintiff.

Foreign money judgments issued from the People's Republic of China have previously been recognized as binding in the United States. *See Hubei Gezhouba Sanlian Indus., Co., Ltd v. Robinson Helicopter Co., Inc.,* No. 09-56629 (9th Cir. 2011). Under CPLR § 5302, a foreign money judgment is deemed decisive between the parties if it is final, conclusive, and enforceable where rendered. *See* CPLR § 5302.

Moreover, under New York debt collection law, potential creditors are eligible to recover on their claims, regardless of whether the claim has matured or been reduced to a judgment. *See* NY DCD. LAW §§ 270, 279. Though this Court has yet to issue a judgment or recognize the foreign money judgment against Defendants, Plaintiff may still seek to

5

recover on his claim as a potential creditor.  Furthermore, in New York, prejudgment attachment may be granted in an action for money damages when the defendant, with intent to defraud his creditors or frustrate the enforcement of a judgment that might be rendered in plaintiff's favor, has assigned, disposed of, encumbered or secreted property, or removed it from the state or is about to do any of these acts. N.Y. C.P.L.R. § 6201.

**Defendants' Failure to Appear for Deposition of Kelvin Sun and Jia Liu.**  On November 3, 2014, counsel for Defendants advised that "given that one of the Defendants is currently residing in China, such party is presently unavailable for deposition. In light of the foregoing, Defendants will not be produced for deposition on November 10 and 11, 2014."  See Exhibit B (Email from Richard Byrnes to Kao Lu dated Nov. 3, 2014).  By failing to appear for deposition, Defendants are unnecessarily consuming the resources of the judiciary and plaintiff in having to seek court intervention.

At the time of the filing of this case, Defendants resided in the state of New York. They are United States citizens, jointly own real property in New York, and were properly served with the complaint and summons in New York.  Defendants' alleged return to the People's Republic of China after the commencement of this action is irrelevant to the issue of not appearing for deposition.  The deposition may be conducted electronically, if necessary.  Defendants have failed to submit any evidence to show that they were not domiciled in New York at the time of the filing of this case.

Plaintiff requests the Court order the Defendants to appear for depositions during the week of November 24, 2014 or shortly thereafter.

**Defendants' Deficient Interrogatory Responses.**  On November 4, 2014, Defendants served woefully inadequate, unverified, cursory, and grossly deficient responses to Kelvin Sun's Answers to First Set of Interrogatories and Jia Liu's Answers to First Set of Interrogatories.  See Exhibits C and D.  Defendants' responses are grossly deficient for failing to identify the specific information and documents requested.  Defendants have made no meaningful attempt to respond to the discovery.  Kelvin Sun objects to each and every interrogatory, and only provided one substantive response (to Interrogatory No. 2).  The remaining 24 interrogatory "responses" contain numerous objections, *without any substantive responses*.  Likewise, Jia Liu objects to each and every interrogatory, only providing one substantive response (to Interrogatory No. 2).  The remaining 7 interrogatories are filled with objections, *without any substantive response*. We request that this Court strike the objections to plaintiff's discovery requests ordering them to produce substantive responses before November 17, 2014.

**Defendants' Inadequate Document Production.**  On November 4, 2014, Defendants produced "Defendants' Response to Plaintiff's First Request for Production of Documents."  See Exhibit E.  Defendants' response to the request for production of documents is likewise woefully inadequate containing countless objections, and the production of just one document "Exhibit A".  Defendants' "Exhibit A" is merely a copy of Plaintiff's Complaints filed with this Court in this matter, which Defendants know was already in Plaintiff's possession.  Defendants produced no other documents.  Defendants completely and utterly failed to provide any responsive documents relating to Plaintiff's investigation of its causes of action for fraud, fraudulent conveyance, breach of contract and enforcement of a foreign judgment.  Defendants also failed to provide any document which relates to their own affirmative defenses and counterclaim.

Defendants' inadequate discovery responses ignore the Court's schedule and discovery deadline of November 17, 2014.

**Defendants Cannot Shift Translation Costs to Plaintiff.**  Defendants try to place the costs of translation upon Plaintiff as an excuse for its failure to appear for deposition and otherwise comply with discovery deadlines.  First, the depositions are independent of the document production.  The depositions should move forward.  Furthermore, pursuant to Federal Rule of Civil Procedure 34, documents are to be produced as they are kept in the usual course of business.  Plaintiff's documents kept in Chinese were therefore produced in Chinese.  Defendants and their counsel are fluent in Chinese.  Defendants shall pay translation costs.  Precedent is clear that translation costs are one expense of litigation that the defendant cannot shift to the plaintiff.  Each side must bear its own translation costs.  In re Puerto Rico Electric Power Authority, 687 F.2d 501 (1st Cir. 1982), in which the court granted mandamus and reversed an order compelling two parties that did business in foreign languages (Japanese and Spanish) to translate their documents into English for the benefit of opposing counsel (who apparently spoke only English).  Howes v. Medical Components, Inc., 698 F. Supp. 574, 580 (E.D. Pa. 1988) (parties "cannot be compelled to translate foreign language documents for the benefit of their adversary"); 7 Moore's Federal Practice §34.14[5] (3d ed. 2007) ("If a document that is required to be produced is in a foreign language and no English version exists, the producing party should not be required to translate the document into English at its own expense."); Lear v. New York Helicopter Corp., 597 N.Y.S.2d 411, 413-14 (N.Y.A.D. 1993) ("a party may not be compelled to procure a translation of a foreign-language document"); Rosado v. Mercedes-Benz of North America, Inc., 480 N.Y.S.2d 124, 126 (N.Y.A.D. 1984) ("it is the party seeking discovery of documents who should pay the cost of their translation"); Krygier v.

Airweld, Inc., 520 N.Y.S.2d 475, 477 (N.Y. Sup. 1987).

**Plaintiff's Request for Relief.**  All of the specifically requested information and documents outlined above are narrowly drawn, certainly likely to lead to the discovery of admissible evidence, and squarely relevant to the Plaintiff's claims and Defendants' affirmative defenses and counterclaim.  In light of the impending discovery deadline, and potential location of the Defendants in China, it is imperative that Plaintiff receives the documents and information requested forthwith.  Therefore, Plaintiff requests that the Court order Defendants to provide the specific responsive information and documents requested in the discovery requests no later than November 17, 2014.  A proposed form of Order is submitted herewith.  In the event Defendants fail to produce the discovery, Plaintiff intends to move to strike the affirmative defenses and counterclaim of Defendants.

        Respectfully submitted,

        RYDER, LU, MAZZEO & KONIECZNY, LLC

Date:  November  11, 2014    /s/ Kao H Lu
        Kao H. Lu
        1425 E. Darby Road
        Haverford, PA 19083
        Tel: 610-446-2563
        Fax: 610-446-8841
        Email: klu@ryderlu.com

        Attorneys for Plaintiff