UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
HSIN-CHENG CHEN,

                              Plaintiff,

        -against-

KELVIN SUN a/k/a HELPING SUN and JIA LIU,

                            Defendants.
------------------------------------------------------------x

1-21-16

1:13-cv-00280 (ALC) (KNF)

<u>OPINION AND ORDER</u>

**ANDREW L. CARTER, JR., United States District Judge:**

        Plaintiff Hsin-Cheng Chen brings this action against Defendants Kelvin Sun and Jia Liu under the Uniform Foreign Money Judgments Recognition Act, for the recognition and enforcement of a final money judgment issued in China against Defendants. Plaintiff, a foreign citizen domiciled abroad, filed a Second Amended Complaint on June 16, 2014, and based jurisdiction on diversity of citizenship, alleging that Defendants were domiciled in New York. (ECF No. 36) Defendants now move to dismiss, arguing that diversity jurisdiction does not exist, because Defendant Sun is domiciled abroad. (ECF No. 77.) For the following reasons, Defendants' motion is GRANTED.

## LEGAL STANDARD

        "[T]he party asserting subject-matter jurisdiction . . . has the burden of proving its existence by a preponderance of the evidence." <u>Garanti Finansal Kiralama A.S. v. Aqua Marine & Trading Inc.</u>, 697 F.3d 59, 65 (2d Cir. 2012). "That party must allege a proper basis for jurisdiction in his pleadings and must support those allegations with competent proof if an opposing party challenges those allegations . . ." <u>Linardos v. Fortuna</u>, 157 F.3d 945, 947 (2d Cir. 1998) (internal quotation marks and citations omitted). While the existence of jurisdiction

1

ordinarily depends on the facts as they existed when the complaint was filed, "when a plaintiff files a complaint in federal court and then voluntarily amends the complaint, courts look to the amended complaint to determine jurisdiction." Wheeler v. Citigroup, 938 F. Supp. 2d 466, 471 (S.D.N.Y. 2013) (quoting Rockwell Int'l Corp. v. United States, 549 U.S. 457, 473-74 (2007)); see also Effie Film, LLC v. Murphy, No. 11 Civ. 783 (TPG), 2012 WL 716556, at *3 (S.D.N.Y. Mar. 6, 2012) ("Plaintiff's primary argument . . . is that the court's jurisdiction must be determined as of the time the original complaint is filed. Although that is ordinarily true, this rule does not apply when there has been an amended complaint") (internal citation omitted).

Under the federal diversity jurisdiction statute, district courts shall have jurisdiction over disputes between, *inter alia*, "citizens of a State and citizens or subjects of a foreign state." 28 U.S.C. § 1332(a)(2). "Diversity is lacking where the only parties are foreign entities, or where on one side there are citizens and aliens and on the opposite side there are only aliens." Bayerische Landesbank, New York Branch v. Aladdin Capital Mgmt. LLC, 692 F.3d 42, 49 (2d Cir. 2012) (quoting Universal Licensing Corp. v. Paola del Lungo S.p.A., 293 F.3d 579, 581 (2d Cir. 2002)) (internal alteration marks omitted). "United States citizens who are domiciled abroad are neither citizens of any state of the United States nor citizens or subjects of a foreign state, and 28 U.S.C § 1332(a) does not provide that the courts have jurisdiction over a suit to which such persons are parties." Liem v. Ackerman, No. 10 Civ. 9187 (KBF), 2012 WL 252120, at *1 (S.D.N.Y. Jan. 25, 2012) (quoting Cresswell v. Sullivan & Cromwell, 922 F.2d 60, 68 (2d Cir. 1990)) (alteration marks omitted). "[T]he language of § 1332(a) is specific and requires the conclusion that a suit by or against United States citizens domiciled abroad may not be premised on diversity." Cresswell, 922 F.2d at 68.

"For purposes of diversity jurisdiction, a party's citizenship depends on his domicile." Linardos, 157 F.3d 945, 948 (2d Cir. 1998). A party's domicile is "the place where a person has his true fixed home and principal establishment, and to which, whenever he is absent, he has the intention of returning." Palazzo ex rel. Delmage v. Corio, 232 F.3d 38, 42 (2d Cir. 2000). A party need not have an affirmative intent to remain permanently in a place, but he must have no present intent to move elsewhere. Nat'l Artists Mgmt. Co. v. Weaving, 769 F. Supp. 1224, 1227 (S.D.N.Y. 1991). "Although a person may have more than one residence, she may only have one domicile at any one time." Id. (citing Williamson v. Osenton, 232 U.S. 619 (1914)). Where there is evidence indicating that a party has more than one residence, or the residence is unclear, the Court should look to the party's intent. Id. (citing Brignoli v. Balch, Hardy & Scheinman, Inc., 696 F. Supp. 37, 41 (S.D.N.Y. 1988)). In this inquiry, no single such as predominates and courts should consider a totality of the circumstances, looking to factors like: "current residence, voting registration, driver's license and automobile registration, location of brokerage and bank accounts, members in fraternal organizations, churches, and other associations, places of employment or business, and payment of taxes." Kennedy v. Trustees of Testamentary Trust of Will of Kennedy, 633 F.Supp.2d 77, 81 (S.D.N.Y. 2009) aff'd, 406 F. App'x 507 (2d Cir. 2010).

## DISCUSSION

The sole question before the Court is where Defendant Sun was domiciled on June 16, 2014, the date on which the Second Amended Complaint was filed.[1] Plaintiff alleges that this Court has jurisdiction, because Plaintiff is a foreign citizen domiciled abroad and Defendants are both domiciled in New York. (Second Amended Complaint ("S.A.C."), ¶¶ 2-4.) But Defendants

---

[1] Defendants do not contest that Defendant Liu is domiciled in New York. But because "[d]iversity is lacking where . . . on one side there are citizens and aliens and on the opposite side there are only aliens," Aladdin Capital, 692 F.3d at 49, her domicile is irrelevant so long as Defendant Sun is domiciled outside the United States, i.e. is an alien.

3

contend that Sun was an American citizen domiciled in China, which would leave the court without jurisdiction. (Def.'s Mot., ECF No. 79, 3.) Plaintiff bears the burden of establishing jurisdiction by a preponderance of evidence. Garanti, 697 F.3d at 65. Because Defendants challenge his allegations of jurisdiction, Plaintiff must support those allegations with "competent proof." Linardos, 157 F.3d at 945.

Plaintiff alleges that Sun was domiciled in New York and evinced an intent to stay here. In his pleadings, Plaintiff asserts that a 2011 Chinese court record contained testimony that "Defendant lived abroad and had no residential address in China", and that in 2013 Plaintiff was unable to find Sun at his purported Chinese address "or any other address in China." (Pl.'s Opp., ECF No. 82, 7.) He also alleges that Sun maintained a renewable work visa in China, arguing that this showed Sun did not intend to remain in China. (Pl.'s Opp., 7-8.) However, outside the statements contained in the pleadings, Plaintiff provides no evidence, in the form of affidavits, court records, or other documentary evidence, in support of these allegations; he does not put forth "competent proof." See Linardos, 157 F.3d at 945.

Plaintiff does provide support for some of his other allegations regarding Sun's domicile. He submits property records showing that Defendants Sun and Liu have owned property in New York since 2010 and tax returns indicating that they paid federal income tax in the United States from 2010 to 2013. (Exhs. A, B, and C, Pl.'s Opp.) The tax returns also report that Defendants' child resided in New York in this time period. (Exh. C, Pl.'s Opp.) Plaintiff additionally submits a copy of Defendant Sun's United States passport, issued January 27, 2009. (Exh. D, Pl.'s Opp.) From this, Plaintiff infers that Defendant must have resided continuously in the United States from 2004 to 2009, as such a period of continuous residency must precede an application for naturalization. (Pl.'s Opp., 10.)

Defendants, on the other hand, offer a sworn affidavit from Sun, in which he affirms that he has lived with his elderly mother in Shanghai since June 2004, that various other family members reside in China, that he has personal property, a car, and a telephone in China, that he has a Chinese driver's license, that he holds a job in China and possesses a Chinese work visa, that he pays taxes in China, and that he does not vote in the United States. (Sun. Aff., ECF No. 78.) In support of his affirmation, he provides his Chinese work permit and a translation, as well as payroll records reflecting his continued employment in China since 2009. (Exhs. A and B, Sun Aff.) He also provides his naturalization certificate, showing that he became a United States citizen in 2002, contradicting Plaintiff's assertion that he must have resided in the United States for the five years prior to 2009. (Exh. A, Def.'s Reply, ECF No. 83.) In addition, the tax returns submitted by Plaintiff show that Sun claimed to be present in the United States for less than two months each year from 2010 to 2013, for periods of only a few weeks at a time. (Exh. C, Pl.'s Opp., 3, 10, 16, 29.) These tax returns also report that Sun has resided abroad since 2002, and that all of his income in each of those years came from his foreign employment. (Id.)

Based on the totality of the competent proof submitted, Plaintiff has not met his burden of establishing jurisdiction by a preponderance of the evidence. The tax returns and property records establish that Sun maintained residences in both New York and China. Where, as here, there is evidence that a party has more than one residence, the Court must determine which of those residences is the party's domicile by looking to the party's intent. See Weaver, 769 F. Supp. at 1227. Specifically, the Court must determine "to which [residence], whenever he is absent, he has the intention of returning." Corio, 232 F.3d at 42.

To make this determination, the Court considers the totality of the circumstances. Kennedy, 633 F.Supp. at 81. As described in his Sun's sworn statement, a number of relevant

5

factors—including Sun's "current residence, voting registration, driver's license and automobile registration, location of brokerage and bank accounts . . . other associations, places of employment or business, and payment of taxes," id.—evince an intent to remain in China. Per Sun's testimony, he has maintained and lived in a residence in China for at least ten years, he is not registered to vote in the United States, his driver's license and automobile are in China, his extended family is in China, and he is employed and pays taxes in China. All of these factors go toward showing that even if Sun does not have an affirmative intent to remain permanently in China, he at least has no present intent to move elsewhere. See Weaving, 769 F. Supp. at 1224.

While "[t]he party's own statements concerning his intentions are relevant . . . they are of slight weight when they come into conflict with other facts that tend to disclose a contrary intent." Bevilaqua v. Bernstein, 642 F. Supp. 1072, 1074 (S.D.N.Y. 1986) (citing District of Columbia v. Murphy, 314 U.S. 441, 456 (1941); State of Texas v. State of Florida, 306 U.S. 398, 425 (1939)). Here, however, Plaintiff does not present facts conflicting with Sun's statements and disclosing a contrary intent. Plaintiff provides competent proof only that Defendant Sun owned property in New York and paid taxes in the United States from 2010 to 2013, and that his wife and child resided in New York. That Sun maintained a residence in New York does not contradict his claimed intent to remain in China, as a person can have more than one residence at a time. See Kavowras v. Pinkerton, Inc., No. 97 Civ. 6098 (MBM), 1998 WL 209617, at *1 (S.D.N.Y. Apr. 29, 1998). Neither does the fact that he paid United States taxes from 2010 to 2013 contradict his claimed intent. As an initial matter, the Court must look to Sun's residence at the time the second amended complaint was filed, in 2014. See Rockwell, 549 U.S. at 473. There is no evidence that Defendant paid U.S. taxes at that time. Even assuming Sun paid U.S. taxes during the time at issue, that would not establish an intent to remain in New York, as Sun also

6

paid taxes in China and he consistently filed his United States taxes as a bona fide resident of a foreign country. (Sun Aff.; Exh. C, Pl.'s Opp.) Because Sun is a United States citizen, his income is subject to U.S. income tax, regardless of where he resides. See generally Cook v. Tait, 265 U.S. 47, 56 (1924). Further, because Defendants filed their taxes jointly, the fact that they filed state tax returns in addition to federal tax returns some years does not establish that they were both domiciled in New York. (See, e.g., Exh. C, Pl.'s Opp., 32 ("Did you *or your spouse* maintain living quarters in NYC during 2013?" (emphasis added)) Given this context, that Sun paid taxes in the United States for a four-year period does not contradict his contentions regarding his domicile. See Kavowras, 1998 WL 209617 (finding Plaintiff to be domiciled abroad, despite maintaining an apartment in New York and paying taxes in New York).

Plaintiff's allegation regarding Sun's wife and child is of greater concern. The parties do not contest that Defendant Liu—Sun's wife—is a citizen of New York, residing in Manhattan. The tax returns indicate that the couple's son resides with her. "[T]he residence of a married person's spouse and children (if the couple has not separated) is given considerable weight," Weaving, 769 F. Supp. at 1228, but "no one . . . factor can establish domicile conclusively. Instead, it is necessary to examine the entire range of a person's conduct in order to draw the necessary inferences as to the relevant intent." Farrell v. Ashton, No. 89 Civ. 6706 (WCC), 1991 WL 29261, at *2 (S.D.N.Y. Feb. 28, 1991). Here, the totality of the circumstances weighs against finding Sun to be domiciled in New York, despite his wife and child's residence in the state. Unlike cases in which a party resided in one locale for the workweek but returned to a family home elsewhere for weekends and centered his life around that family home, Defendant Sun presents evidence that his life is centered in China and that he visits his wife and child for only a few weeks every year, in a place where he has few other ties. See Borsack v. Chalk &

Vermilion Fine Arts, Ltd., 974 F. Supp. 293, 297 (S.D.N.Y. 1997) (Party domiciled in New York where "the only factors asserted by defendants in support of their contention that Borsack is a domiciliary of Florida is Borsack's wife's ownership of property in Florida, against which the Internal Revenue Service filed a tax lien naming Borsack as a taxpayer, and Borsack's possession of a Florida driver's license."); cf. Gutierrez v. Fox, 966 F. Supp. 214, 218 (S.D.N.Y. 1997) (Party domiciled in New York where he lived the majority of the year there with his common-law wife and their daughter, worked in the city, and paid New York state and city taxes); Korb v. Merrill Lynch, Pierce, Fenner & Smith, Inc., No. 03 Civ. 10333 (CSH), 2006 WL 300477, at *2 (S.D.N.Y. Feb. 7, 2006) (Party domiciled in New Jersey where he lived there with his family on weekends, paid taxes there, registered to vote there, and attended synagogue there).

Defendant Sun presents evidence, in the form of his own statements and other documentary evidence, indicating that he maintained a residence in China and that he intended to remain there indefinitely—that is, that he was domiciled there. Plaintiff does not present competent proof to contradict that evidence and establish, by a preponderance of evidence, that Defendant Sun was actually domiciled in New York. Accordingly, the Court concludes that as of the filing of the Second Amended Complaint, on June 16, 2014, Sun was a U.S. citizen domiciled in China. "[T]he language of § 1332(a) is specific and requires the conclusion that a suit by or against United States citizens domiciled abroad may not be premised on diversity." Cresswell, 922 F.2d at 68. Therefore, this action may not be maintained on the basis of diversity jurisdiction.

## CONCLUSION

Defendants' motion to dismiss for lack of subject-matter jurisdiction is GRANTED. The Clerk of Court is respectfully instructed to close this case.

**SO ORDERED.**

Dated: January 21, 2016
New York, New York

ANDREW L. CARTER, JR.
United States District Judge